**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **UNITED STATES** *Plaintiffs* | ) ) ) | |
| **v.** | ) | Case No. 26-MJ-64-KHR |
| **DOUGLAS BYRON DICUS** *Defendant* | ) ) ) ) | |

## MOTION TO QUASH ARREST WARRANT AND SET FOR DETENTION HEARING

**COMES NOW,** Defendant Douglas Byron Dicus, through undersigned counsel, and respectfully moves the Court to quash or recall the arrest warrant issued on October 7, 2026, permitting Defendant to appear voluntarily at his Detention Hearing upon the Court's scheduling, and to determine appropriate conditions of release under 18 U.S.C. § 3142.

## I. INTRODUCTION

The arrest warrant in this matter was issued upon the filing of a criminal complaint and directs law enforcement to arrest Defendant and bring him before a judicial officer to answer the charge contained within the information. The United States has separately requested a detention hearing under 18 U.S.C. § 3142(e) and (f). Defendant is prepared to appear voluntarily with counsel. Defendant asks the Court to recall or quash the warrant because that appearance will place Defendant before the Court for the proceeding contemplated by the warrant. The Court can

then conduct the scheduled detention hearing and consider release under the least restrictive conditions the Court finds sufficient.

## II. STATEMENT OF FACTS

1) The Complaint charges Defendant with possession with intent to distribute fifty grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (*Doc. 1.*) The complaint and arrest warrant were issued on October 7, 2026. (*Docs. 1 and 2.*) The warrant commands that Defendant be arrested and brought before a district judge or magistrate judge to answer the complaint. (*Doc. 2.*)

2) The Government also filed a motion for detention, asserting that the charged offense carries a maximum term of at least ten years, that Defendant presents a serious risk of flight, and that the rebuttable presumption under 18 U.S.C. § 3142(e) applies. (*Doc. 3.*) Counsel entered their appearances as Defendant's counsel on October 16, 2026. (*Doc. 4.*)

3) Defendant is willing to appear voluntarily at the scheduled detention hearing with counsel.

## III. LEGAL STANDARD

Upon a defendant's appearance, the Court must order release on personal recognizance or an unsecured bond, release subject to conditions, temporary detention where authorized, or detention under 18 U.S.C. § 3142(e). 18 USCS § 3142. Pretrial detention is permitted only after a hearing and a finding that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of another person and the community. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

The Government must establish risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. *Id.* In deciding whether conditions will reasonably assure appearance and community safety, the Court considers the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of any danger presented by release. *Id.* (citing 18 U.S.C. § 3142(g)). If the statutory presumption applies, Defendant bears a burden of production, but the burden of persuasion concerning flight and danger remains with the Government. *United States v. Stricklin*, 932 F.2d 1353, 1353 (10th Cir. 1991). Even after Defendant produces rebuttal evidence, the presumption remains a factor for the Court's consideration. *Id.* The Court may impose any condition reasonably necessary to assure appearance and community safety and may later amend the release order to impose additional or different conditions. 18 USCS § 3142.

## IV. ARGUMENT

The Court can quash or recall its issued warrant because Defendant will appear voluntarily for the proceedings that require his attendance. Defendant is a Wyoming resident with strong family and work ties in the community and lives in Gillette, Wyoming.

Furthermore, Defendant has been out on bond and has complied with bond conditions for roughly six (6) months in a case arising out of Campbell County. The Campbell County case was dismissed upon the filing of the present matter. While out on bond, Defendant remained in regular contact with counsel, wore an ankle-monitor GPS device, and remained in regular contact with his bonding agent. During this time, the State filed no motions to revoke his bond. Additionally, Defendant's wife is currently going through cancer treatment wherein Defendant is doing his best to support her.

In this matter, the Warrant directs that Defendant be brought before a judicial officer to answer the Complaint. (*Doc. 2.*) Defendant's voluntary appearance at the scheduled detention hearing will accomplish that purpose without an unnecessary custodial arrest. Defendant therefore requests that the Court recall or quash the warrant before the hearing and direct Defendant to appear with counsel. Alternatively, the Court should place the warrant in abeyance, conditioned on Defendant's timely appearance, and recall it when he appears.

The Government's detention motion invokes both the statutory presumption and an asserted risk of flight. (*Doc. 2.*) The Court can address those issues at the scheduled hearing through the procedure required by § 3142. Even when the presumption applies, the Government retains the ultimate burden of persuasion on flight and danger. *Stricklin*, 932 F.2d at 1353. Defendant's burden of production is not heavy and may be satisfied by producing some evidence relevant to appearance and community safety. *Id.*

Defendant also intends to present evidence of his community and family ties, his residence in Wyoming, and his and his family's health. These matters correspond to the history-and-characteristics considerations governing the detention decision. *See Cisneros*, 328 F.3d at 617-19. Section 3142 permits the Court to impose reasonably necessary conditions and allows the Court to amend them if circumstances warrant. 18 USCS § 3142. Defendant's voluntary appearance and willingness to comply with a structured release plan support addressing any legitimate concern through conditions rather than execution of the outstanding warrant.

## V. CONCLUSION AND PRAYER FOR RELIEF

Defendant therefore respectfully requests that the Court:

1) Quash or recall the arrest warrant issued on October 7, 2026;
2) Permit Defendant to appear voluntarily with counsel at the detention hearing scheduled by the Court;
3) Conduct the detention hearing under 18 U.S.C. § 3142; and
4) Release Defendant subject to the conditions the Court finds reasonably necessary to assure his appearance and the safety of the community.
5) Brandon Rosty, Assistant United States Attorney, has been contacted in regards to this Motion and objects to the requests contained herein.

**DATED** this 20th day of October, 2026.

**HOLMES LAW, LLC,**

By: ______________________

David H. Holmes, WSB # 8-7024
Jacob A. Stewart, WSB # 8-7180
*Attorney for Defendant*
108 E. 5th St., Ste. 110
Gillette, WY 82716
(307) 475-6030
davidholmes@holmeslawinc.com
jacobstewart@holmeslawinc.com

## CERTIFICATE OF MEET AND CONFER

I hereby certify that I have complied with the Duty to Confer with the Government regarding this Motion. I have made reasonable, good-faith efforts to resolve this issue before filing this motion, as required by Local Rule 47.1(b), by calling and emailing Assistant United States Attorney Brandon Rosty. AUSA Rosty objects to this Motion.

______________________
David H. Holmes, Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all registered participants, and sent via electronic mail to the following individual:

Brandon J. Rosty
US Attorney's Office
PO Box 22211
Casper, WY 82602
brandon.rosty@usdoj.gov

David H. Holmes, Attorney